CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 SEP 29 AM II: 48

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUDY GUTIERREZ PADEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0126 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## GRANT PETITIONER'S MOTION TO WITHDRAW and to
## DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Came for consideration the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody filed June 23, 2016 by petitioner RUDY

GUTIERREZ PADEREZ. By his motion to vacate, petitioner challenges his 212-month sentence

for the federal offense of possession with intent to distribute cocaine base. *See United States v.*

*Paderez*, No. 2:10-CR-8(04).

On August 15, 2016, petitioner filed a pleading wherein he requests "to withdraw my

recently filed 2255 motion without prejudice." On August 22, 2016, petitioner filed a second,

nearly identical pleading requesting "to withdraw recently 2255 filed motion without prejudice."

Such pleadings have been construed as Motions to Withdraw. On September 16, 2016, the

undersigned admonished petitioner in writing that withdrawing his motion to vacate would result

in the dismissal and closure of this case. Petitioner was further admonished that because any

subsequent motion to vacate might be subject to the rules and restrictions on "second or successive" motions and would be subject to the 1-year statute of limitations, that withdrawal might, in effect, result in a dismissal <u>with</u> prejudice rather than without prejudice. Despite these admonishments, petitioner, on September 26, 2016, filed a pleading persisting in his "request to withdraw without prejudice."

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motions to withdraw filed by petitioner RUDY GUTIERREZ PADEREZ on August 15, 2016 and August 22, 2016 be GRANTED, and petitioner's Motion to Vacate, Set Aside or Correct Sentence filed June 23, 2016 be, in all things, DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____29th_____ day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).